# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT H. ODELL, JR., et al., | Case No. 2:15-CV-01793-RFB-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| ALEX M. AZAR II, SECRETARY OF HELTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

For the reasons stated in the Court's September 26, 2018 memorandum, IT IS ORDERED as follows regarding claims from the Plaintiff only:

1. For any claim filed after the date of this Order under either National Provider Identifier (NPI) Number 1306124086 or 1013957026 for an initial determination using Current Procedural Terminology (CPT) code 64450 in Jurisdiction JE, the United States Department of Health and Human Services (HHS) and its Medicare Administrative Contractor (MAC) for Jurisdiction JE shall be enjoined from applying LCD L28271 or its successor LCDs to such claim, unless the MAC conducts an individual medical review of the claim.

2. Until otherwise ordered by this Court, HHS shall not permit the Recovery Audit Contractor (RAC) to conduct post-payment reviews or audits to deny, on the basis of LCD L28271 or L34218, claims submitted with CPT code 64450 under NPI Numbers 1306124086 or 1013957026.

3. Until otherwise ordered by this Court, for any claim filed after the date of this Order

under either NPI Number 1306124086 or 1013957026 for an initial determination using CPT code 64450 in Jurisdiction JE, HHS shall direct that the JE MAC conduct a manual, claim-by-claim medical review (including a review of medical records) of any such claim and issue an initial determination for each such claim of whether LCD L35456 applies to the claim.

   a. If the JE MAC determines that LCD L35456 applies to any such claim, the JE MAC shall then determine whether the claim is payable by Medicare.
   b. If the JE MAC determines that LCD L35456 applies to any such claim, but the claim is not payable by Medicare, the JE MAC shall provide a written explanation why the claim is not payable.
   c. If the JE MAC determines that LCD L35456 does not apply to any such claim, the JE MAC will issue a determination whether the claim meets the Medicare reasonable and necessary standard and is payable by Medicare, and if it is not payable, the JE MAC will issue a written explanation why the claim is not payable, including an explanation why LCD L35456 does not apply.

4. For any claim that is subject to this injunction, the provider shall submit electronically, with the PWK field indicator, any and all medical record documentation that the provider believes is pertinent to the specific patient encounter and may have a bearing on the JE MAC's medical decision making for that date of service.

5. The JE MAC shall have fourteen (14) days in addition to the time permitted under 42 U.S.C. § 1395u(c)(2)(B)(i) and 42 U.S.C. § 1395u(c)(2)(C) to make an initial determination before any penalties may be imposed by those statutory provisions.

6. Any applicable limitations period for conducting post-payment reviews or audits shall be tolled until expiration of this Order or entry of a permanent injunction.

7. This Order does not affect the rights and claims of any other agency of the United States, other than HHS; any claims against the Plaintiffs under the False Claims Act, U.S.C. §§ 2729-2733, or for common law fraud; any civil, criminal or administrative liability

arising under Title 26 of the United States Code; and any other criminal liability. Further, this Order does not apply to any investigation by the HHS Office of the Inspector General.

8. For the reasons stated on the record at the hearing, the Court has considered, and DENIES, Defendants' request for an order directing Plaintiffs to post a bond against the possibility that this Order was wrongfully entered.

DATED: <u>December 17, 2018</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**