UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT H. ODELL, JR., et al, | Case No. 2:15-cv-01793-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| ALEX M. AZAR II, SECRETARY OF HELTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Re-Hearing (ECF No. 126) and Defendants' Motion to File Corrected Opposition (ECF No. 135). For the reasons below, the Court denies Plaintiffs' Motion for Re-Hearing and grants Defendants' Motion to File Corrected Opposition.

**I.  BACKGROUND**

Plaintiffs filed the Complaint on September 18, 2015. ECF No. 1. At a hearing on August 4, 2016, the Court gave Plaintiffs leave to file an amended complaint. ECF No. 53. Plaintiffs filed the operative Amended Complaint on September 9, 2016. ECF No. 57.

On February 16, 2018, Plaintiffs filed a Motion for Preliminary Injunction. ECF No. 104. Defendants responded and Plaintiffs replied. ECF Nos. 106, 107. After holding a hearing on July 17, 2018, the Court granted the Motion for Preliminary Injunction in a September 26, 2018 order. ECF No. 112. The Court permitted the parties to submit proposed orders regarding the appropriate scope of injunctive relief. ECF No. 112. Each party filed a proposed order. ECF Nos. 114, 116. Each party then filed an additional memorandum responding to the other party's proposal. ECF Nos. 118, 119. The Court held a hearing on October 26, 2018 and ordered the parties to submit a joint proposed final order. ECF No. 120. The parties submitted a proposed order with additional

///

briefing regarding contested terms. ECF Nos. 121, 122, 123. The Court then issued the scope of its relief on December 17, 2018. ECF No. 125.

On January 8, 2019, Plaintiffs filed the instant Motion for Re-Hearing. ECF No. 126. Defendants responded on February 26, 2019 and filed the instant Motion to File Corrected Opposition on February 27, 2019. ECF Nos. 134, 135. Plaintiffs replied on March 1, 2019. ECF No. 136.

## II. LEGAL STANDARD

The Court construes Plaintiffs' motion for re-hearing as a motion to reconsider. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

## III. DISCUSSION

As an initial matter, the Court grants Defendants leave to file their revised opposition. Defendants filed the revised response only one day after the previously filed response, and Plaintiffs do not oppose the filing. The revised opposition does not prejudice Plaintiffs and contains only minor revisions.

In their motion to reconsider, Plaintiffs argue that the Court's preliminary injunction order places Plaintiffs in a status of constant audit by Defendants. They argue that the Court's imposition of LCD 355456 upon Plaintiffs is contrary to the Social Security Act and contrary to the relief Plaintiffs requested from this Court. Plaintiffs request that the Court revise its December 17, 2018 Order by removing paragraphs 3, 4, and 5.

Defendants respond that Plaintiffs provide no newly discovered evidence, intervening law, or other unusual circumstances meriting reconsideration. The Court agrees. Plaintiffs' arguments are no different than the arguments Plaintiffs proffered in advance of the Court's determination. In determining the nature and scope of its injunction, the Court weighed the Plaintiffs' motion at ECF No. 04, reply at ECF No. 107, proposed order at ECF No. 114, memorandum at ECF No. 119, and memorandum at ECF No. 123, in addition to Plaintiffs' oral argument at hearings held on July 17, 2018 and October 26, 2018. The Court has fully considered Plaintiffs' arguments. Plaintiffs do not proffer, and the Court does not find, any circumstances meriting reconsideration.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Re-Hearing (ECF No. 126) is DENIED and that Defendants' Motion to File Corrected Opposition (ECF No. 135) is GRANTED.

**DATED**: <u>September 6, 2019</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**